**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
         jsmith@bursor.com
         ykrivoshey@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK ROBERTS, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>GLOBAL TRAVEL INTERNATIONAL INC., RANDALL J. WARREN, and MICHAEL GROSS<br><br>                    Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Patrick Roberts ("Plaintiff"), individually and on behalf of all others similarly situated, allege the following upon information and belief, except that Plaintiff's allegations as to his own actions are based on personal knowledge.

## NATURE OF THE ACTION AND FACTUAL ALLEGATIONS

**A.  Defendants Operate a Nationwide Telemarketing Scam Called "Reward Redemption"**

1. Plaintiff brings this putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), against Global Travel International, Inc. ("GTI") and its founders and CEOs Randall J. Warren and Michael Gross (collectively, "Defendants").

2. Defendants operate a nationwide telemarketing scam called "Reward Redemption," which has sparked numerous complaints by consumers, lawsuits and at least one government investigation. The "Reward Redemption" scam starts with an unsolicited prerecorded message sent *en mass* to telephones, stating the following:

> Hi. This is Julie with Reward Redemption. We called you because you recently visited one of our affiliated websites. And in appreciation, we have a $100 Rebate Card for you redeemable at popular stores like Wal-Mart, Best Buy, Home Depot, and many more!

3. If a consumer stays on the line or returns the call, he or she will be connected to a live sales representative who tells the consumer that the promised "$100 Rebate Card" is not free, but instead requires an initial "processing fee" or "shipping and handling" fee. The representative then tries to get the consumer to pay an <u>additional</u> monthly fee for a membership in discount buying clubs with names like Journey Pass, Valu-Pass and Go Shop & Save. The Better Business Bureau reports a "pattern of complaints" about GTI's "lack of transparency" about what the monthly charge is for, and ignoring later requests by consumers to stop charging the monthly fee.[1]

4. Defendants do not take "no" for an answer when pressuring call recipients to participate in the scam. If a consumer declines to answer a call or tells a sales representative he or

---

[1] https://www.bbb.org/central-florida/business-reviews/business-opportunity-companies/global-travel-international-in-maitland-fl-10000887

she is not interested, Defendants engage in a campaign of persistent calls to wear that consumer down.  Defendants also call from numerous different phone numbers, making it difficult for consumers to recognize repeated incoming calls.

5.      In the last six years alone, Defendants' scam has prompted at least eight federal lawsuits against GTI alleging claims under the TCPA.[2]

6.      GTI has faced government scrutiny for its calls and business practices.  In August 2014, the Consumer Protection Division of the Iowa Attorney General investigated GTI for violations of the Iowa Consumer Fraud Act.  The investigation began after a Des Moines woman complained that GTI requested her debit card information for a "shipping and handling" charge for the $100 Rebate Card, and then proceeded with a confusing sales pitch for a membership fee, all while assuring her she was not buying anything.  GTI then withdrew money from her checking account for a GTI discount buying club.  That investigation culminated in GTI "paying [Iowa] nearly $45,000 for refunds to more than 2,600 Iowa consumers it charged for memberships for which they did not intentionally enroll."[3]

7.      Online consumer complaints regarding Defendants' unsolicited robocalls calls are abundant on forums such as the Better Business Bureau website, Reddit and 800notes.com:

- "Julie from reward redemption has been calling me for over a year. They simply wont stop wtf"[4]

---

[2] *Romain v. Global Travel International, Inc.*, M.D. Fla. Case No. 6:17-cv-00690 (filed Apr. 17, 2017); *Hayes v. Global Travel International, Inc.*, E.D. Cal. Case No. 2:16-cv-01821 (filed Aug. 3, 2016); *Tye v. Global Travel International, Inc.*, E.D. Cal. Case No. 2:15-cv-02654 (filed Dec. 23, 2015); *Turner v. Global Travel International, Inc.*, M.D. Fla. Case No. 6:15-cv-00013 (filed Jan. 6, 2015); *Martineau v. Global Travel International, Inc.*, W.D. Mich. Case No. 1:14-cv-01190 (filed Nov. 20, 2014); *Duran v. Global Travel International, Inc.*, N.D. Ill. Case No. 1:14-cv-6398 (filed Aug. 19, 2014); *Henry v. Global Travel International, Inc.*, N.D. Ind. Case No. 2:14-cv-243 (filed July 14, 2014); *McBrady v. Syndero, Inc. et al.*, N.D. Ill. Case No. 1:12-cv-09477 (filed Nov. 28, 2012).

[3] https://www.iowaattorneygeneral.gov/newsroom/florida-buying-club-company-agrees-to-refunds-and-stop-marketing-to-iowa-consumers/

[4] https://800notes.com/Phone.aspx/1-718-514-6814/10

- "I receive these [Reward Redemption] calls about once a month. . . . BEWARE, these folks do not honor removal from the call list option or national DNC."[5]

- "I get these calls from all over the US supposedly for Hi I am Julie with rewards and redemption and you have won a 100 gift card. I have all these numbers in my reject list. Something clearly needs to be done about this."[6]

- "I've received the same call from [as] many as 5 different numbers. . . . All the same recorded 'Julie w/rewards redemption.' Aggravating!"[7]

8. Defendants' calls have gained so much notoriety that there are numerous videos on YouTube deriding and parodying "Julie with Reward Redemption."

**B.  Plaintiff Patrick Roberts Received Defendants' "Reward Redemption" Scam Calls**

9. Plaintiff Patrick Roberts received several "Reward Redemption" prerecorded calls to his cellular phone between approximately December 2017 and January 2018.

10. All of the calls at issue in this case were made with a prerecorded voice.

11. Defendants called Plaintiff's cellular telephone from several phone numbers, including (707) 655-5567 and (754) 757-2052.

12. Plaintiff was harmed by the Reward Redemption calls in the form of the aggravation, nuisance, trespass, waste of time and invasion of privacy that necessarily accompanies the receipt of unwanted telephone calls; depletion of battery life resulting from unwanted incoming calls; and violations of his statutory rights.

13. Prior to the calls at issue in this action, Plaintiff never had any contact with Defendants. Plaintiff never consented in writing, or otherwise, to receive calls from Defendants. Plaintiff never gave Defendants his telephone number.

**PARTIES**

14. Plaintiff Patrick Roberts is, and at all times mentioned herein was, a resident of

---

[5] https://www.reddit.com/r/scambait/comments/644di4/julie_from_reward_redemption_phone_number_to/
[6] https://www.bbb.org/west-florida/pages/business-reviews/marketing-agencies/creative-solutions-marketing-in-clearwater-fl-90129459/reviews-and-complaints?noskin&clean
[7] https://800notes.com/Phone.aspx/1-718-514-6814/9

Vallejo, California and a citizen of the State of California.

15. Defendant Global Gravel International, Inc. ("GTI") is a Florida corporation with its principal place of business located at 1060 Maitland Center Commons, Suite 305, Maitland, Florida, 32751.

16. Defendant Randall J. Warren is the co-founder, chairman and CEO of GTI, and resides in Florida.

17. Defendant Michael Gross is the co-founder, president and CEO of GTI, and resides in Florida.

18. Defendants Randall J. Warren and Michael Gross specifically and personally directed and authorized all of the scam "Reward Redemption" robocalls described herein, and were intimately involved in the program to send the robocalls. They established and/or approved Defendants' policies and practices, oversaw operations and were directly involved in the business practices that violated the TCPA.

## JURISDICTION AND VENUE

19. For the reasons stated in in *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012), the Court has federal subject matter jurisdiction under 47 U.S.C. § 227. This Court also has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the Class members; (b) some members of the Class members have a different citizenship from Defendant; and (c) the claims of the Class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

20. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the Telephone Consumer Protection Act.

21. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## **CLASS ACTION ALLEGATIONS**

22. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated. Plaintiff proposes the following classes:

> The TCPA Class (Nationwide): All persons within the United States who (1) received a prerecorded message from Defendants or anyone acting on their behalf, (2) at any time from four years prior to the filing of this Complaint through the dissemination of class notice, and (3) for whom Defendants have no record of prior express written consent.
>
> The CLRA Class (California only): All persons within the California who (1) received a prerecorded message from Defendants or anyone acting on their behalf, (2) at any time from four years prior to the filing of this Complaint through the dissemination of class notice, and (3) for whom Defendants have no record of consent.

23. Excluded from the above classes are Defendants; GTI's affiliates, employees, officers and directors; and the Judge(s) assigned to this case.

24. Plaintiff does not know the exact number of members in the classes, but reasonably believes based on the number of complaints about Defendants' business, and the number of unsolicited prerecorded messages Plaintiff received, that members of the classes are so numerous that individual joinder would be impracticable.

25. Plaintiff and all members of the classes have been harmed by Defendants' unlawful prerecorded messages.

26. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The class members can be identified easily through records maintained by Defendants. There are well-defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions that may affect individual members of the class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether Defendants sent Plaintiff and class members prerecorded messages;
    b. Whether Defendants conduct was knowing and/or willful;

    c. Whether the prerecorded messages that Defendants sent violate the TCPA and/or the CLRA;

    f. Whether Defendants transmitted the prerecorded messages to Plaintiff and class members without their prior express written consent;

    g. Whether Defendants are liable for damages; and

    h. Whether Defendants should be enjoined;

27. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

28. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendant to comply with the TCPA and CLRA. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

29. As persons who received prerecorded messages on their telephone using an artificial or prerecorded voice, without their prior express written consent, Plaintiff asserts claims that are typical of each member of the class. Plaintiff will fairly and adequately represent and protect the interests of the Class members, and has no interests that are antagonistic to any member of the Class members.

30. Defendants have acted on grounds generally applicable to the Class members, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class members as a whole appropriate. Moreover, the TCPA and CLRA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

### FIRST COUNT
**Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.**

31. Plaintiff incorporates by reference the foregoing paragraphs of this complaint as if fully stated herein.

32. Plaintiff brings this claim on behalf of himself and a nationwide class.

33. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices. Congress intended to provide consumers a right to choose whether telemarketers may contact them, finding that "[e]vidence presented to Congress indicates that automated or prerecorded calls are a nuisance. . . ." Pub. L. No. 102-243, §12-13 (1991). "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 744 (2012).

34. Among other things, the TCPA prohibits initiating any telephone call to any phone using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii). According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient. The FCC has stated that telemarketing occurs when a call is initiated and transmitted to a person for the purpose of promoting property, goods, or services. 47 C.F.R. §64.1200(a)(2)(iii); 47 C.F.R. §64.1200(f)(12); 18 FCC Rcd. 14014, 14098 ¶141 (FCC 2003).

35. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[r]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

36. Plaintiff and Class members did not provide Defendants with prior written consent to receive prerecorded messages from Defendants. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA.

37. As a result of Defendants' violations of the TCPA, Plaintiff and members of the classes are entitled to an award of $500.00 in statutory damages for each and every prerecorded message they received from Defendants.

38. As a result of Defendants' knowing and/or willful violations of the TCPA, Plaintiff

and members of the Class members are entitled to treble damages of up to $1,500.00 for each and every prerecorded message that they received from Defendants.

39. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

## SECOND COUNT
### Violation Of California's Consumers Legal Remedies Act ("CLRA"), California Civil Code §§ 1750, *et seq.*

40. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

41. Plaintiff brings this claim on behalf of himself and a California subclass.

42. California Civil Code § 1770(a)(22)(A) prohibits "[d]isseminating an unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented, and either the address or the telephone number of the caller, and without obtaining the consent of that person to listen to the prerecorded message." The prerecorded calls at issue in this litigation complied with none of the requirements of § 1770(a)(22)(A).

43. Plaintiff and putative class members are "consumers," as the term is defined by California Civil Code § 1761(d), because they bought the Products for personal, family, or household purposes.

44. Plaintiff, on behalf of himself and all other members of the California Subclass, seeks injunctive relief and attorneys' fees and costs under California Civil Code § 1780(d) and California Code of Civil Procedure § 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the class members the following relief against Defendants:

a. Injunctive relief prohibiting such violations of the TCPA and CLRA by Defendants in the future;

    b. As a result of Defendants' violations of the TCPA, Plaintiff seeks for himself and each member of the Class members $500.00 in statutory damages for each and every call that violated the TCPA;

    c. As a result of Defendants' willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the Class members treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

    d. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;

    e. Reasonable attorneys' fees and costs;

    f. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: February 7, 2018　　　　　　　　　**BURSOR & FISHER, P.A.**

　　　　　　　　　　　　　　　　　　　　By:   */s/ Joel D. Smith*
　　　　　　　　　　　　　　　　　　　　　　　　Joel D. Smith

　　　　　　　　　　　　　　　　　　　　L. Timothy Fisher (State Bar No. 191626)
　　　　　　　　　　　　　　　　　　　　Joel D. Smith (State Bar No. 244902)
　　　　　　　　　　　　　　　　　　　　Yeremey O. Krivoshey (State Bar No. 295032)
　　　　　　　　　　　　　　　　　　　　1990 North California Blvd., Suite 940
　　　　　　　　　　　　　　　　　　　　Walnut Creek, CA 94596
　　　　　　　　　　　　　　　　　　　　Telephone: (925) 300-4455
　　　　　　　　　　　　　　　　　　　　E-Mail:   ltfisher@bursor.com
　　　　　　　　　　　　　　　　　　　　　　　　　jsmith@bursor.com
　　　　　　　　　　　　　　　　　　　　　　　　　ykrivoshey@bursor.com